UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANNA JEFFERSON,

        Plaintiff,

                              Case No. 14-13749

vs.                                      Paul D. Borman
                                      United States District Judge

UNITED CAR COMPANY, INC.,

        Defendant.
_____/

OPINION AND ORDER
(1) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 11);
(2) DIRECTING THE CLERK OF COURT TO SET ASIDE
THE ENTRY OF DEFAULT AS MOOT; AND
(3) ORDERING PLAINTIFF TO PROPERLY SERVE DEFENDANT THE AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(h)

      This action arises from Plaintiff's allegation that Defendant United Car Company, Inc. violated the federal Truth-in-Lending-Act, 15 U.S.C. § 1601, *et seq*. ("TILA"). Plaintiff's Amended complaint was filed on behalf herself and on behalf of a putative class. (ECF No. 6). Defendant has failed to defend or otherwise appear in this action and Plaintiff now moves this Court for entry of a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 11). As the class has never been certified, Plaintiff has moved for default only as to her own claims.

      The Court finds the briefing is sufficient and there is no need for oral argument on the present motion. *See* E.D. MICH. LR 7.1(f)(2). For the following reasons, the Court will DENY Plaintiff's Motion for Default, direct the Clerk of the Court to set aside the Clerk's Entry of

Default, and ORDER Plaintiff to re-serve Defendant the Amended Complaint pursuant to Federal Rule of Civil Procedure 4(h).

## I. BACKGROUND

Plaintiff filed her original complaint on September 29, 2014. (ECF No. 1). Plaintiff allegedly served Defendant the original complaint and summons on October 1, 2014. (ECF No. 3). Thereafter, on November 5, 2014, the Court ordered Plaintiff to show cause as to why the Eastern District of Michigan was a proper venue for the action. (ECF No. 5). Plaintiff promptly filed the operative Amended Complaint on November 10, 2014 which set forth that the events, acts or omissions that formed the basis of the complaint occurred in this district but did not add any new claims or parties. (ECF No. 6). Thereafter, the order to show cause was vacated (ECF No. 7).

Plaintiff alleges in her amended complaint that she purchased a used 2007 Chevrolet Impala from Defendant on September 10, 2014 and paid Defendant $1,500 for a down payment. (Am. Compl. ¶¶ 24, 27). Plaintiff claims that Defendant represented that Plaintiff's credit was approved for financing and also provided her with a retail installment sales contract ("RISC") that purportedly reflected all the terms and conditions of that financing. (*Id*. at ¶¶ 24-25). In addition to the RISC, Plaintiff signed a "Purchase Spot Delivery Agreement" which provided that Defendant could "unilaterally cancel the contract 'in the event the dealership is unable to assign the Retail Installment Sales Contract to a third party,' or if Defendant unilaterally cancels the RISC or changes the terms to its pecuniary advantage." (*Id*. at ¶ 26). Plaintiff signed the RISC and Defendant delivered the vehicle to Plaintiff. (*Id*. at ¶ 25).

On September 16, 2014, Defendant telephoned Plaintiff and unilaterally canceled Plaintiff's RISC and demanded that she return the vehicle and a pay $600.00 "repossession fee" and forfeit her down payment. Plaintiff alleges that Defendant was "verbally abusive" and accused her of fraud during the phone call. (*Id*. at ¶ 27). Defendant called again on September 17 and 18 and repeated the same. (*Id*. at ¶¶ 28, 29). Plaintiff then used her "monetary resources to repair another vehicle so that she could have reliable transportation." (*Id*. at ¶ 30). Then, on September 19, 2014, Defendant contacted Plaintiff and advised her that it had "obtained financing" for her. (Am. Compl. at ¶ 31).

It is unclear from the Amended Complaint if Plaintiff still retains possession of the vehicle under new terms or whether Defendant actually repossessed the vehicle.

Plaintiff avers that Defendant did not consider the vehicle sold until Defendant sold the RISC to a third-party. (*Id*.). However, Plaintiff was responsible for insuring the car at her own expense after taking possession. (*Id*.). Plaintiff alleges that Defendant's use of the "Purchase Spot Delivery Agreement" rendered the terms of the RISC illusory and illegally waived Defendant's obligations under TILA because TILA "mandates that retail installment contracts when signed by the buyer are the final written financing expression between the parties and is binding on both the Defendant-creditor and the buyers. (*Id*. at ¶¶ 17-18).

On December 20, 2014, Plaintiff requested a Clerk's Entry of Default. (ECF No. 8). The Clerk granted the request and a Clerk's Entry of Default was entered on December 24, 2014. (ECF No. 9). On February 26, 2015, this Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. (ECF No. 10). Shortly thereafter, Plaintiff filed the present Motion for Default Judgment on March 3, 2015. (ECF No. 11).

3

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *See Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008). Once a default has been entered by the clerk's office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)*, see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citation omitted). Once a default is obtained, the party may then file for a default judgment by the clerk or by the court. FED. R. CIV. P. 55(b). If the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the Court should enter a judgment in favor of the plaintiff. *See Cross*, 441 F. Supp. 2d at 848. Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment. Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998) (collecting cases). After a court determines that a default judgment should be entered, it will determine the amount and character of the recovery awarded. *See id*. § 2688 (collecting cases).

## III. ANALYSIS

"Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default." *Russell v. Tribley*, No. 10-14824, 2011 WL 4387589, at *8

(E.D. Mich. Aug. 10, 2011) (collecting cases).  The Federal Rules of Civil Procedure provide that a corporation, partnership, or association must be served either by the procedure set forth in Rule 4(e)(1), that provides an individual may be served by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made", or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires– by also mailing a copy to the defendant".  FED. R. CIV. P. 4(h)(1)(A)-(B).  The Michigan Court Rules provide that

> [s]ervice of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge on an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;
>
> (3) serving a summons and a copy fo the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;
>
> (4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporate Division [under certain circumstances including failure to appoint and maintain a resident agent].

Mich. Ct. Rule 2.105(D)(1)-(4).

In the instant case, the record reveals that Plaintiff's attorney personally served the original complaint and summons on Defendant United Car Company at the address of 20615 W.

Seven Mile, Detroit, MI 48212. (ECF. No. 3, Cert. of Serv.). The certificate of service does not indicate who (if anyone) accepted service on the corporation's behalf and merely indicates that "United Car Company, Inc." was "personally served" at the aforementioned business address.[1] The record also provides that Plaintiff's attorney served the Defendant with the Amended Complaint on November 10, 2014 "via regular mail to its address at 20615 W 7 Mile Rd, Detroit, MI 48219". (ECF No. 13). This certificate of service also includes a photocopy of the envelope addressed to Defendant. (*Id*.).

Given this record, the Court finds Plaintiff's Motion for Default is flawed for two reasons.

First, as recounted above, Plaintiff filed an Amended Complaint on November 10, 2014 (ECF No. 6). In late December 2014, Plaintiff requested a Clerk's Entry of Default against Defendant and provided the Defendant had been served with the *original* complaint on October 1, 2014. Plaintiff's request for Clerk's Entry of Default did not make reference to the amended complaint that was filed the month prior. In February 2015, after this Court issued an order for Plaintiff to show cause why the action should not be dismissed for failure to prosecute, Plaintiff filed the present motion for default judgment.

---

[1] Plaintiff represents in its Motion for Default Judgment "Defendant's resident agent received service of the Summons and Complaint on Wednesday, October 1, 2014". (Pl.'s Mot. at ¶ 2). However, there is nothing in the certificate of service or the attached declaration that would support that assertion.
  The Court also notes the attached certificate of service to Plaintiff's Motion for Default Judgment evidencing that the Motion for Default was sent by regular mail to "United Car Company, Inc. C/O Michigan Department of State Compliance Division, 3rd Floor Treasury Building 430 W. Allegan Street Lansing, MI 48918" and also to "United Car Company, Inc. 20615 W 7 Mile Rd. Detroit, MI 48219". (Pl.'s Mot. at 6). It does not appear that Plaintiff served or mailed anything else to the Michigan Department of State Compliance Division.

Plaintiff's request for a Clerk's entry of default and the pending Motion for Default Judgment are both premised and make explicit reference to the original complaint. While Plaintiff's Amended Complaint did not add new claims or defendants, it does not appear that Plaintiff can secure a default judgment premised on her original complaint. "Generally, amended pleadings supercede original pleadings." *Hayward v. Cleveland Clinic Foundation*, 759 F.3 601, 617 (6th Cir. 2014); *Drake v. City of Detroit*, 266 F. App'x 444, 447-48 (6th Cir. 2008) (finding that the original "complaint is a nullity, because an amended complaint supercedes all prior complaints."); *Mercer v. Csiky*, No. 08-11443, 2010 WL 2671329, at *2 (E.D. Mich. 2010) (finding that "it is not apparent that the Mercers could obtain a default judgment against Ms. Csiky based upon a default that was entered as to a complaint that has been rendered a 'nullity'.") (citation omitted); 6 Wright & Miller, Federal Practice and Procedure (3ed 2010) § 1476 ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). Further, many cases have denied motions for default judgments after an amended complaint is filed and found the clerk's entry of default mooted. *See Mercer*, No. 08-11443, 2010 WL 2671329, at *2 (collecting cases); *see also Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019 (E.D.N.Y. 2014) (noting that many courts agree that "once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied. Similarly, several courts have found that once the original complaint is superceded, a clerk's entry of judgment on that pleading is mooted". (collecting cases); *Liberty Media Holdings, LLC v. Hawaii Members of Swarm of Nov. 15, 2010 to Jan. 27, 2011*, No. 11-00262, 2012 WL 1377003, at *1 (D. Haw. Mar. 27, 2012

7

(filing an amended complaint rendered the plaintiff's motion for default judgment moot), *report & recommendation adopted*, No. 11-00262, 2012 WL 1377000 (D. Haw. Apr. 18, 2012)).

In the instant case, Plaintiff appears to have erroneously relied upon the original complaint rather than the amended complaint when she moved for a clerk's entry of judgment because the amended complaint predates the request for entry of default. Therefore, the Court concludes that the entry of judgment has been mooted because it is premised on the original complaint which is no longer operative and merely a "nullity".

Second, it appears that Defendant was not properly served the original complaint and summons in accordance with the Federal Rules of Civil Procedure or the Michigan Court Rules.[2]

---

[2] Assuming *arguendo* that Plaintiff properly served Defendant the original complaint, Plaintiff was not required to effect service of the Amended Complaint upon Defendant. Pursuant to FED. R. CIV. P. 5(a)(2) "no service is required on a party who is in default for failing to appear" unless the pleading asserts a new claim against the party. FED. R. CIV. P. 5(a). When Plaintiff filed her amended complaint on November 10, 2014, Defendant was technically in "default" for failing to respond within 21 days after allegedly being served the original complaint on October 1, 2014 (Defendant had until October 22, 2014 to respond). Circuit courts of appeal, including the Sixth Circuit in an unpublished opinion, that have addressed the issue have found that a defendant is no longer entitled to service after he or she has failed to timely respond to a properly served complaint. *See Elliott v. Wal-Mart, Inc*., No. 97-3526, 149 F. 3d 1183, 1998 WL 385911, at *2 (6th Cir. July 2, 1998) ("The Elliotts had no duty to serve a copy of the motion for default when Wal-Mart had not appeared in the case."); *Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991) ("Where defendants, as here, were served with the summons and do not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of US & Canada*, 674 F.2d 1365, 1368 n. 3 (11th Cir. 1982) (finding same); *see also Drake v. City of Detroit*, *Shepard Claim Serv., Inc. v. William Darrah & Assocs*., 796 F.2d 190, 194 (6th Cir. 1986) (stating that "[o]nce a defendant fails to file a responsive answer, he is in *default*, and an entry of *default* may be made by the clerk or the judge." (citation omitted)).

Accordingly, if Plaintiff had properly served Defendant the original complaint, Plaintiff would not have had to serve Defendant with the Amended Complaint. Here, however, where Plaintiff's original service was improper, Defendant has never been properly served in this action pursuant to Rule 4(h). Indeed, Plaintiff served Defendant the Amended Complaint by regular mail addressed to Defendant's business address. (ECF No. 13, certificate of service re: Amended Compl.). However, sending copies of a complaint addressed merely to the business

Plaintiff asserts for the first time in her Motion for Default Judgment that she served the summons and complaint "upon the Defendant, through its resident agent, via hand delivery." (Pl.'s Mot. at ¶ 1). However, the certificate of service fails to evidence that the summons and complaint were ever delivered to a person and does not name or make any reference to a registered agent. Rather, the declaration of Plaintiff's attorney attached to the certificate of service merely states that service was "personally served" to "United Car Company, Inc." on October 1, 2014 at the business address of Defendant. (ECF No. 3). Therefore, Plaintiff did not serve an officer or the resident agent personally as required by Federal Rule 4(h)(1)(B) or by Mich. Ct. R. 2.105(D)(1). Even assuming Plaintiff personally served "a person in charge of an office or business" rather than the registered agent, the Michigan Court Rules require that such service must also include sending copies of the summons and complaint by registered mail. Mich. Ct. R. 2.105(D)(2).

Therefore, the Court finds that Plaintiff failed to perfect service on Defendant.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Motion for Default Judgment because the clerk's entry of default relies upon the original complaint and for the additional or alternative reason that the service of the original complaint was improper. The Court also DIRECTS that the Clerk's Entry of Default be set aside as MOOT. The Court further ORDERS that Plaintiff

---

address of a corporate defendant through the regular mail alone is not sufficient to serve a corporation under the Rule 4(h).

serve Defendant the Amended Complaint as provided in Fed. R. Civ. P. 4(h).

    IT IS SO ORDERED.

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: June 11, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2015.

                                        s/Deborah Tofil
                                        Case Manager