UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANNA JEFFERSON,

        Plaintiff,

                      Case No. 14-13749

vs.                            Paul D. Borman
                            United States District Judge

UNITED CAR COMPANY, INC.,

        Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST UNITED CAR COMPANY, INC. (ECF NO. 18)

      This action arises from Plaintiff's allegations that Defendant United Car Company, Inc. violated the federal Truth-in-Lending-Act, 15 U.S.C. § 1601, *et seq*. ("TILA") through its practice of using "Purchase Spot Delivery Agreements".  Plaintiff's Amended Complaint was filed on behalf herself and on behalf of a putative class.  (ECF No. 6). Defendant has failed to defend or otherwise appear in this action and Plaintiff now moves this Court for entry of a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  (ECF No. 18).  As the class has never been certified, Plaintiff has moved for an entry of default judgment only as to her own claims.

      Pursuant to Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action.  However, in order to obtain judgment by default, the proponent must <u>first</u> request the clerk's entry of default pursuant to Rule 55(a).  *See In re Loeb*, No. 06-13743, 2006 WL 3104598, at * 2 (E.D. Mich. Oct. 31, 2006) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a

prerequisite to an entry of default judgment." (quoting *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004))); *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008) (finding same); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure, § 2685 (3d ed. 2015) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")

In the instant case, Plaintiff previously filed a Motion for Entry of Default Judgment which the Court denied finding Defendant had not been properly served. (ECF No. 16). In that Opinion and Order, the Court explicitly set aside the previous clerk's entry of default. (*Id*.). Plaintiff has now filed a renewed Motion for Entry of Default Judgment but has failed to request or receive a clerk's entry of default pursuant to Rule 55(a). Therefore, Plaintiff's renewed Motion for Entry of Default Judgment is procedurally improper and must be DENIED at this time.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 30, 2015.

s/Deborah Tofil
Case Manager